United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11089
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

HECTOR VAZQUEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-156-3
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:*

     Hector Vazquez appeals from his conviction of being a felon
in possession of a firearm.  He contends that the firearm on
which his conviction was based was not seized during a
permissible protective sweep of the type authorized by Maryland
v. Buie, 494 U.S. 325 (1990).

     Vazquez was arrested inside one half of a duplex located at
5417 Lindsley in Dallas.  The firearm was seized from an armoire
in Vazquez's bedroom, in the other half of the duplex, at 5419
Lindsley.  The arresting officers had warrants for the arrest of

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Vazquez and Fidel Aguilera, who listed the duplex as his home address. Both halves of the duplex were owned by Vazquez's parents, who were on the front porch during Vazquez's arrest. Vazqeuz led officers on a chase through both halves of the duplex. After he was apprehended and read his rights, one of the arresting officers asked Vazquez whether there were any weapons present, and Vazquez directed him to the firearm in the armoire.

We do not determine whether the <u>Buie</u> protective sweep rationale applies to Vazquez's case. In light of the possibility that Aguilera might be hiding in the duplex, Vazquez telling the officer of the exact location of the firearm gave rise to an exigent circumstance of potential danger sufficient to justify the arresting officer's search for, and seizure of, the firearm. <u>See</u> <u>United States v. Shannon</u>, 21 F.3d 77, 81-82 (5th Cir. 1994); <u>United States v. Richard</u>, 994 F.2d 244, 247-48 (5th Cir. 1993). On the findings of the district court, the officer acted reasonably in seizing the weapon specifically identified by Vazquez.

AFFIRMED.